IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIA FAGERSTROM; JEFFRE GIBSON; STEVE MCELHENY; and JORDAN RUSSELL, individually and each on behalf of all other similarly situated persons, known and unknown, | ) ) ) ) ) ) | |
| | ) | Case No. |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Judge |
| REAL SIMPLE INC., (d/b/a BOURBON ON DIVISION) | ) ) ) ) | COLLECTIVE ACTION AND CLASS ACTION COMPLAINT |
| & | ) ) | |
| JUN LIN, | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**

Plaintiffs Mia Fagerstrom (hereinafter "Fagerstrom"), Jeffre Gibson (hereinafter "Gibson"), Steve McElheny (hereinafter "McElheny"), and Jordan Russell (hereinafter "Russell") (hereinafter, collectively, "Plaintiffs"), each individually and on behalf of other similarly situated persons known and unknown, by and through their undersigned attorneys, now bring this action against the above-named defendants pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), 820 ILCS 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 115/1 *et seq.*, and §1-24, *et seq.* of the Municipal Code of Chicago ("Chicago Minimum Wage Ordinance") to recover unpaid wages and interest thereon, liquidated damages, attorneys' fees and costs, and other damages and in support thereof allege as follows:

1

**Introduction and Factual Background**

1. This is an individual, collective, and class action brought to redress violations by Defendants of federal, state, and local wage and hour laws in connection with their operation of Bourbon on Division, which is a bar, restaurant, and entertainment venue based in Chicago, Illinois. Each of the Plaintiffs was employed by Defendants as wait staff, bartenders, or bar backs at Bourbon on Division.

2. At all times relevant to this litigation, Defendants willfully implemented employment policies and practices that were calculated to unlawfully circumvent the minimum wage and overtime provisions of FLSA and IMWL, systematically depriving Plaintiffs of wages to which they were lawfully entitled.

3. Defendants regularly and as a matter of course failed to pay their employees, including without limitation Plaintiffs, an hourly rate of pay equal to or in excess of the applicable pay rate then in effect under FLSA, IMWL, and the Chicago Minimum Wage Ordinance.

4. Specifically, Defendants intentionally failed to pay Plaintiffs *any* hourly wages whatsoever in connection with their work at Bourbon on Division. Any compensation earned by Plaintiffs in connection with their work at Bourbon on Division was in the form of tips paid by customers of the establishment.

5. As a result of this willful, blatantly unlawful employment practice, Defendants deprived Plaintiffs of wages for thousands of hours of labor.

**Jurisdiction and Venue**

6. This Court has jurisdiction over Plaintiffs' FLSA claims, pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331. Each Plaintiff has executed a consent form confirming his or her

voluntary participation in this action as a party thereto and true and correct copies of these forms are appended hereto as <u>Exhibits 1-4</u>.

7. This Court has supplemental jurisdiction over Plaintiffs' state law and local ordinance claims, pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendants because they have continuously resided in this judicial district and they have enjoyed continuous and systematic business contacts with the State of Illinois.

9. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391.

**The Parties**

10. Plaintiff Mia Fagerstrom was employed by Defendants as a bartender and server between February 2018 and July 2019, inclusive. She worked not less than approximately 1,372 hours for Defendants and received $0 in hourly wages in connection therewith.

11. Plaintiff Jeffre Gibson was employed by Defendants as a bartender and bar back between March 2019 and January 2020, inclusive. He worked not less than approximately 1,329 hours for Defendants and received $0 in hourly wages in connection therewith.

12. Plaintiff Steve McElheny was employed by Defendants as a bartender between May 2019 and August 2019, inclusive. He worked not less than approximately 552 hours for Defendants and received $0 in hourly wages in connection therewith.

13. Plaintiff Jordan Russell was employed by Defendants as a bartender and server between March 2018 and June 2019, inclusive. She worked not less than approximately 1,739 hours and received $0 in hourly wages in connection therewith.

14. Defendant Real Simple Inc. is an Illinois corporation doing business as Bourbon on Division, a bar, restaurant, and live music venue located at 2050 West Division Street in Chicago, Illinois.

15. Upon information and belief, Defendant Real Simple Inc. generated annual gross receipts in excess of $500,000 during the three years preceding the filing of this action.

16. At all times relevant to this action, Defendant Real Simple Inc. regularly and customarily transacted business within this judicial district and is an "employer" within the meanings of FLSA, the IMWL, the IWPCA, and the Chicago Minimum Wage Ordinance and is an "enterprise engaged in commerce" within the meaning of FLSA. 29 U.S.C. § 203(s).

17. Defendant Jun Lin (hereinafter "Lin") is an "employer" within the meanings of FLSA, IMWL, IWPCA, and the Chicago Minimum Wage Ordinance because at all times relevant hereto he owned a majority stake in Defendant Real Simple Inc., had knowledge of its business operations and pay practices vis-à-vis Bourbon on Division, and exercised certain supervisory functions thereover.

18. Upon information and belief, Defendant Lin resides in and is domiciled within this judicial district.

## COUNT I
## Violation of Fair Labor Standards Act
## Collective Action for Unpaid Minimum Wage

19. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1-18 as though fully set forth herein.

20. Plaintiffs were employed as bartenders, bar backs, and/or servers at Bourbon on Division, an establishment owned and operated by Defendants.

21. Over the course of their employment, Plaintiffs received no hourly wages whatsoever from Defendants in connection with their employment therewith.

22. FLSA requires employers to pay employees an hourly wage of at least $7.25 for each hour worked. 29 U.S.C. § 206(a)(1)(C).

23. At all relevant times, Defendants' failure to pay Plaintiffs any hourly wages whatsoever for these shifts was knowing and willful, and Plaintiffs have suffered harm as a result of this unlawful practice.

24. Plaintiffs and other individuals employed by Defendants as bartenders, servers, or barbacks during the FLSA statutory period are similarly situated within the meaning of FLSA and are known to Defendants.

25. Accordingly, Plaintiffs bring the collective action described in Count I pursuant to FLSA to recover all unpaid regular wages earned by Plaintiffs during the FLSA statutory period, as well as liquidated damages thereon.

## COUNT II
### Violations of the Illinois Minimum Wage Law and Chicago Minimum Wage Ordinance
### Individual and Class Action for Unpaid Minimum Wage

26. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1-25 as though fully set forth herein.

27. The IMWL and CMWO require employers to pay employees a minimum wage for all hours worked. 820 ILCS 105/4, *et seq*.

28. In the City of Chicago, the hourly minimum wage in effect during the three years immediately preceding the filing of this lawsuit ranged from $12.00 and $13.00.

29. At all times relevant hereto, Defendants' failure to pay Plaintiffs any hourly wages whatsoever for their work was knowing and willful, and Plaintiffs have suffered harm as a result

5

of this unlawful practice.

30. An employer who violated the minimum wage provisions of the IMWL prior to February 19, 2019 is liable to the affected employee(s) for the amount of the total underpayment, plus 2% of the amount of such underpayment calculated for each month following the date of the underpayment, reasonable attorney's fees, and costs.

31. An employer who violates the minimum wage provisions of the IMWL on or after February 19, 2019 is liable to the affected employee(s) for an amount equal to three times the value of the underpayment, plus 5% of the amount of such underpayment calculated for each month following the date of underpayment, reasonable attorney's fees, and costs.

32. Accordingly, Plaintiffs bring their claims for relief against all Defendants under this Count II individually and as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"). The proposed **IMWL Minimum Wage Class** is defined as:

> **"All persons, whether currently or formerly employed by any Defendant, who performed one (1) or more hours of work as a bartender, bar back, or server within the three (3) years preceding the date of this lawsuit, and for which such person did not receive payment of an hourly wage equal to the minimum wage then in effect in connection therewith."**

33. This action is properly maintained as a class action under Rule 23 of the FRCP because the class is sufficiently numerous that the joinder of all class members is impracticable; there are questions of fact or law common to the class; the claims of Plaintiffs are typical of the claims of the class; and Plaintiffs will fairly and adequately represent and protect the interests of the class at large.

34. Upon information and belief, the number of putative class is approximately 20 members.

35. There are questions of fact and law common to the putative IMWL Minimum Wage Class, including without limitation:

    A. Whether, and to what extent, members of the putative class, performed work for Defendants for which they were not paid an hourly wage; and

    B. Whether, and to what extent, Defendants accurately documented the hours worked by members of the putative class.

36. The damages suffered by the putative class members arise from the same nucleus of operative facts. Moreover, the nature of the damages described in this Count II lends itself to computing damages by way of a mathematical formula applicable to each class member.

37. Plaintiffs will fairly and adequately protect the interests of this putative class and have retained competent counsel that is extensively familiar with the factual and legal issues implicated herein.

38. The claims asserted herein are typical of the class members they seek to represent.

39. Upon information and belief, there are no other members of this putative class who have an interest controlling the prosecution of his or her individual claims. Should any such individual become known, he or she may opt out of the class pursuant to Rule 23 of the FRCP.

### COUNT III
### Violation of Fair Labor Standards Act
### Collective Action for Unpaid Overtime

40. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1-39 as though fully set forth herein.

41. FLSA requires employers to pay non-exempt employees an hourly wage equal to one and a half times either (i) their regular rate of pay; or (ii) the minimum wage then-in effect, whichever is greater. 29 U.S.C. § 207(a)(2)(C).

42. Plaintiff Jeffre Gibson worked in excess of 40 hours in a workweek on at least three separate occasions during the course of his employment with Defendants.

43. As Plaintiff Gibson received no hourly compensation from Defendants in connection with such employment, Defendants necessarily violated the overtime provisions of FLSA as to Plaintiff Gibson.

44. Plaintiff Steve McElheny worked in excess of 40 hours in a workweek on at least one occasion during the course of his employment with Defendants.

45. As Plaintiff McElheny received no hourly compensation from Defendants in connection with such employment, Defendants necessarily violated the overtime provisions of FLSA as to Plaintiff McElheny.

46. Plaintiff Jordan Russell worked in excess of 40 hours in a workweek on at least five separate occasions during the course of her employment with Defendants.

47. As Plaintiff Russell received no hourly compensation from Defendants in connection with such employment, Defendants necessarily violated the overtime provisions of FLSA as to Plaintiff Russell.

48. At all relevant times, Defendants' failure to properly pay Plaintiffs Gibson, McElheny, and Russell the full overtime wages to which he was lawfully entitled was knowing and willful, and these Plaintiffs have suffered harm as a result of this unlawful practice.

49. Plaintiffs Gibson, McElheny, and Russell, and other individuals employed by Defendants who worked for more than 40 hours in any given workweek during the FLSA statutory period are similarly situated within the meaning of FLSA and are known to Defendants and can be identified by discovery and further investigation.

50. Accordingly, Plaintiffs Gibson, McElheny, and Russell bring the collective action described in Count III pursuant to FLSA to recover all unpaid overtime wages earned by Plaintiffs during the FLSA statutory period, as well as liquidated damages thereon.

## COUNT IV
### Violations of the Illinois Minimum Wage Law and Chicago Minimum Wage Ordinance
### Individual and Class Action for Unpaid Overtime

51. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1-50 as though fully set forth herein.

52. The IMWL requires employers to pay employees not less than one and a half times his or her regular rate of pay for any hours worked in excess of 40 hours in a given workweek. 820 ILCS 105/4a.

53. At all relevant times, Defendants' failure to pay Plaintiffs Gibson, McElheny, and Russell at the lawful overtime rate prescribed by the IMWL was knowing and willful, and these Plaintiffs have suffered harm as a result of this unlawful practice.

54. An employer who violated the overtime provisions of the IMWL prior to February 19, 2019 is liable to the affected employee(s) for the amount of the total underpayment, plus 2% of the amount of such underpayment calculated for each month following the date of the underpayment, reasonable attorney's fees, and costs.

55. An employer who violates the overtime provisions of the IMWL on or after February 19, 2019 is liable to the affected employee(s) for an amount equal to three times the value of the underpayment, plus 5% of the amount of such underpayment calculated for each month following the date of underpayment, reasonable attorney's fees, and costs.

56. Accordingly, Plaintiffs bring their claims for relief against all Defendants under

this Count IV individually and as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"). The proposed **IMWL Overtime Class** is defined as:

> **"All persons, whether currently or formerly employed by any Defendant, who in any given workweek performed more than forty (40) hours of work as a bartender, bar back, or server for Defendants at any time during three (3) years preceding the date of this lawsuit,, and for which such person did not receive payment for such hours in excess of 40 hours at a rate equal to at least one and a half times his or her regular rate of pay."**

57. This action is properly maintained as a class action under Rule 23 of the FRCP because the class is sufficiently numerous that the joinder of all class members is impracticable; there are questions of fact or law common to the class; the claims of Plaintiffs are typical of the claims of the class; and Plaintiffs will fairly and adequately represent and protect the interests of the class at large.

58. Upon information and belief, the number of putative class is approximately 10 members.

59. There are questions of fact and law common to the putative IMWL Overtime Class, including without limitation:

    A. Whether, and to what extent, members of the putative class, worked in excess of 40 hours for the benefit of Defendants;

    B. Whether, and to what extent, Defendants accurately documented the hours worked by members of the putative class; and

    C. Whether, and to what extent, members of the putative class were paid by Defendants at the overtime rate then in effect in connection with all hours worked in excess of 40 in a given workweek.

60. The damages suffered by the putative class members arise from the same nucleus of operative facts. Moreover, the nature of the damages described in this Count IV lends itself to

computing damages by way of a mathematical formula applicable to each class member.

61. Plaintiffs will fairly and adequately protect the interests of this putative class and have retained competent counsel that is extensively familiar with the factual and legal issues implicated herein.

62. The claims asserted herein are typical of the class members they seek to represent.

63. Upon information and belief, there are no other members of this putative class who have an interest controlling the prosecution of his or her individual claims. Should any such individual become known, he or she may opt out of the class pursuant to Rule 23 of the FRCP.

### Jury Demand

64. Plaintiffs demand a trial by jury on all claims so triable.

### Prayer for Relief

WHEREFORE, Plaintiffs, by and through their undersigned counsel, now demand judgment against Defendants, jointly and severally, and in favor of Plaintiffs individually and for all others similarly situated, known and unknown, for a sum that will adequately and completely compensate Plaintiffs for the extent and duration of their sustained damages, the cost of maintaining this action, and respectfully request that this Court:

A. Certify the classes identified in Counts II and IV of the Complaint and appoint the Law Office of Richard J. Zito LLC as class counsel therefor;

B. Order Defendants to file with this Court and/or furnish to Plaintiffs' counsel a list of all names, addresses, and telephone numbers of all persons who worked for Defendants in the capacity of bartender, bar back, or server at any time in the three years preceding the filing of this lawsuit;

C. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all

current and former bartenders, bar backs, and servers employed by Defendants at any time in the three years preceding the filing of this lawsuit, informing them that this lawsuit has been filed, describing briefly the nature of the suit, and notifying them of their right to opt-in pursuant to FLSA as to Counts I and III;

D. Find that Defendants willfully violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

E. Find that Defendants willfully violated the Illinois Minimum Wage Law, 820 ILCS 105, *et seq.*;

F. Award compensatory damages, including all regular and overtime pay owed Plaintiffs, in an amount to be determined at trial;

G. Award liquidated damages in connection with all amounts due, accruing from the date such amounts were lawfully due Plaintiffs pursuant to FLSA;

H. Award up to treble damages, plus up to 5% interest per month on all regular and overtime pay due Plaintiffs, accruing from the date such amounts were lawfully due pursuant to the IMWL;

I. Award all costs and reasonable attorney's fees incurred in the prosecution of this action; and

J. For such further relief as the Court deems equitable and just.

Dated: October 3, 2020 Respectfully submitted,

By: **/s/ Richard J. Zito, Esq.**
Richard J. Zito, Esq. (ILARDC No. 6291139)
LAW OFFICE OF RICHARD J. ZITO LLC
Attorney for Plaintiffs
200 East Randolph Drive, Suite 5100
Chicago, Illinois 60601
(312) 883-5298
rich@zitolawchicago.com